UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER T. CURETON,

    Plaintiff,

v.

Case Number 16-10834
Honorable David M. Lawson

PORT HURON POLICE DEPARTMENT,
CITY OF PORT HURON PROSECUTING
ATTORNEY, OFFICER MOAK, OFFICER
PIKE, and CITY OF PORT HURON,

    Defendants.

_____/

**OPINION AND ORDER DISMISSING COMPLAINT**

    The plaintiff, Michigan parolee Christopher T. Cureton of Port Huron, Michigan, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He named as defendants the City of Port Huron, Michigan, the City's prosecuting attorney, the Port Huron Police Department, and two Port Huron police officers identified only as Officer Moak and Officer Pike. The complaint alleges that the defendants deprived the plaintiff of his rights under various sections of the United States Constitution when they arrested and prosecuted him for strangling a woman. The plaintiff seeks money damages and the expungement of all felonies from his criminal record.

I.

    The factual premises of the complaint are spare and, in some instances, difficult to parse. However, the following basic facts are discernible. On or about March 11, 2014, defendants Moak and Pike arrested the plaintiff on a charge of strangling a female on a bus in Port Huron. Subsequently, after a three-month stay in the "Forensic Center," the plaintiff was brought back to court, where he alleges that he was coerced into pleading guilty to the strangulation charge in

exchange for the dismissal of a habitual offender notice. The plaintiff contends that he was unlawfully jailed without evidence, denied the effective assistance of counsel, threatened for exercising his rights, and that he was the victim of perjury and a criminal conspiracy. He claims that the defendants' conduct transgressed his rights under the First, Second, Fourth, Fifth, Sixth, Eighth, Tenth, Eleventh, Thirteenth, and Fourteenth Amendments to the United States Constitution, and under various state and federal statutes.

II.

Where, as here, a plaintiff has asked the Court to waive fees and costs because he cannot afford to pay them, the Court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). In addition, Congress mandated in the Prison Litigation Reform Act (PLRA) that the Court screen for colorable merit every prisoner complaint filed against any state official or government entity. 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

Although a *pro se* litigant's complaint must be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[t]he leniency granted to pro se [litigants] . . . is not boundless." *Martin v.*

*Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by prospective pro se filers if they "fail[] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court may dismiss a complaint on its own initiative if the complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)). The plaintiff must establish the liability of each individual defendant by that person's own conduct. "Because vicarious liability is inapplicable [in] § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

The plaintiff's complaint is subject to dismissal under sections 1915(e)(2)(B) and 1915A(b) for several reasons. *First*, the plaintiff is challenging an allegedly false arrest, the ensuring conviction, and a term of imprisonment from which he evidently has been released on parole. However, the only proper avenue of attack against a state court conviction in a federal court is a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a plaintiff seeking relief under 42

U.S.C. § 1983 cannot proceed on a claim when allowing him to do so would call into question the propriety of a prior criminal conviction that has not been set aside or expunged by judicial or executive action. The Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87. The plaintiff has not alleged, or even suggested, that his conviction has been set aside, expunged, or invalidated by any state or federal court, or by the action of any other government official.

*Second*, the City prosecutor is absolutely immune from any liability under § 1983 for conduct "'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (holding that functions which "serve as an 'integral part of the judicial process' or that are 'intimately associated with the judicial process' are absolutely immune from civil suits"). This immunity extends to a prosecutor's "conduct in 'initiating a prosecution and in presenting the State's case.'" *Burns*, 500 U.S. at 486 (quoting *Imbler*, 424 U.S. at 431). The prosecutor's conduct in charging and pursuing the case against the plaintiff indisputably comprises acts that are an "integral part of the judicial process." The plaintiff implies that the prosecutor suborned perjury, but prosecutorial immunity extends even to the knowing use of false testimony, and to allegedly malicious prosecutions. *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003) (citing *Imbler*, 424 U.S. at 413; *Burns*, 500 U.S. at 485 n.4).

*Third*, the plaintiff's only allegations about Officers Moak and Pike are that they arrested him. To the extent the plaintiff seeks to hold Officers Moak and Pike liable for his subsequent conviction, any such claim is barred by *Heck*. The plaintiff contends that he was unlawfully prosecuted because there was no evidence against him, but in his complaint he alleges that he was convicted after he pleaded guilty to the charges against him, and, where the conviction has not been overturned, *Heck* plainly bars any action for malicious-prosecution. *Parker v. Phillips*, 27 F. App'x 491, 493 (6th Cir. 2001) ("[*Heck v. Humphrey*] applies to bar Parker's claim, whether construed as one for false imprisonment or malicious prosecution. The prosecution has not yet terminated in Parker's favor, [and] [i]f any such prosecution ends in a conviction, Parker must have the conviction overturned on direct appeal or via collateral attack before any claims can accrue.").

*Fourth*, as to the City of Port Huron, certainly "[m]unicipalities are considered 'persons' within the meaning of section 1983," *Hirmuz v. City of Madison Heights*, 469 F. Supp. 466 484 (E.D. Mich. 2007), and they therefore can be subjected to liability under section 1983. But municipal entities "are responsible only for their own illegal acts," and a municipality is "not vicariously liable under § 1983 for [its] employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citations and quotation marks omitted). "Instead, a municipality is liable under § 1983 only where, 'through its deliberate conduct,' it was the 'moving force' behind the injury alleged." *Shehee v. Saginaw Cty.*, 86 F. Supp. 3d 704, 711 (E.D. Mich. 2015) (quoting *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014)). In other words, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, a plaintiff asserting a section 1983 claim against a municipal entity must show that the action alleged to be unconstitutional implements a municipal policy or custom. *Id*. at 690-91. The

plaintiff has not identified any municipal policy or custom that he contends led to his arrest and conviction, nor has he alleged any facts plausibly to suggest that any municipal custom or policy caused any of the alleged deprivations of his constitutional rights.

*Fifth*, the plaintiff's vague passing reference to a denial of medical attention while he was incarcerated is bereft of any illuminating factual details to suggest that any constitutionally cognizable mistreatment occurred during his prison stay. Unadorned claims of unspecified constitutional transgressions lacking any factual support are insufficient to state a plausible claim for relief under section 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002). In order to state a plausible claim, the plaintiff must "provide detail as to how each defendant allegedly violated his constitutional rights." *Ridgeway v. Kentucky*, 510 F. App'x 412, 413 (6th Cir. 2013). To prevail on an Eighth Amendment claim for denial of medical attention, the plaintiff must "prove a 'sufficiently serious' medical need," and that the defendants "had a 'sufficiently culpable state of mind,'" *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The plaintiff has not alleged any facts to establish that he suffered from a serious medical condition, and he has not described anything that any of the defendants did or failed to do to deprive him of needed medical treatment. He also has not alleged any facts plausibly to suggest that any of the named defendants knew anything about his medical needs and deliberately chose to ignore them. The Eighth Amendment claim therefore lacks any plausible factual basis.

*Sixth*, the plaintiff also has failed sufficiently to describe any cognizable claim under the Thirteenth Amendment. The Thirteenth Amendment states that "[n]either slavery nor involuntary servitude, *except as a punishment for crime whereof the party shall have been duly convicted*, shall

exist within the United States, or any place subject to their jurisdiction." U.S. Const. Am. XIII, § 1 (emphasis added). This claim, like the plaintiff's allusion to a denial of medical treatment, is devoid of any factual detail, and the plaintiff evidently contends merely that his unlawful imprisonment constitutes "slavery" or "involuntary servitude." However, the Thirteenth Amendment expressly excludes from its protections those who are subjected to confinement as punishment for criminal convictions, and this claim plainly lacks merit. *Williams v. Henagan*, 595 F.3d 610, 621 (5th Cir. 2010) ("It is undisputed that '[w]hen a person is duly tried, convicted and sentenced in accordance with the law, no issue of peonage or involuntary servitude arises.'" (quoting *Wendt v. Lynaugh*, 841 F.2d 619, 620 (5th Cir. 1988)).

Finally, the plaintiff's claims premised on an alleged criminal conspiracy and racketeering are groundless. A private individual cannot prosecute a criminal action in federal court, and he cannot sue to compel the state or federal government to investigate or prosecute an alleged crime. *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 634-35 (E.D. Pa. 2014), *aff'd*, 572 F. App'x 68 (3d Cir. 2014). "[E]ven when individuals are wronged in a manner cognizable under criminal law, they 'do not have a constitutional right to the prosecution of alleged criminals.'" *Id*. at 637 (quoting *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184 (3rd Cir. 2009) (*per curiam*)).

III.

The complaint is frivolous, fails to state a plausible claim for relief, and seeks money damages from a defendant who is immune from such relief. The complaint therefore must be dismissed under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 7, 2017

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 7, 2017.

s/Susan Pinkowski
SUSAN PINKOWSKI

---